Garrett v. Bean.

## GARRETT V. BEAN.

1. DESCENTS AND DISTRIBUTION: *Statute of: Inheritance per capita and per stirpes.*

When the persons composing the nearest class of kin to an intestate, as fixed by sec. 2522 Mansfield's Digest, die before his death, the next class in order will thus be advanced nearer to him, and the persons composing it will inherit his estate in their own right as next of kin, equally if equal in degree, and *per stirpes* if in unequal degree—those equal in degree and nearest in degree to the intestate, taking equal shares in their own right, while those of unequal degree and one step further removed from the intestate, take only the shares their ancestors would have taken if alive.

2.—SAME: *Same.*

An intestate died without issue and without ancestors, brothers or sisters, surviving him, and leaving thirty-five nephews and nieces—the children of eight deceased brothers and sisters—and four grand-nephews and nieces—the children of his deceased niece—his nearest of kin. At the time of his death he was seized in *fee simple* of certain lands. *Held:* That the nephews and nieces, standing in equal degree and nearest to the intestate, take *per capita* equal shares of his lands, each taking one-thirty-sixth thereof, and the grand-nephews and nieces take *per stirpes*, the share their mother would take if alive—each taking one-fourth of one-thirty-sixth.

Garrett v. Bean.

APPEAL from *Jefferson* Circuit Court in Chancery.

JNO. A. WILLIAMS, Judge.

*Hemingway & Austin* and *J. W. Crawford*, for appellant.

1. The nearest of kin living at the death of the intestate were his nephews and nieces, twenty-one in number, and besides these there were fifteen dead, leaving issue in all, thirty-six nieces and nephews. Hence, the estate should have been divided into thirty-six equal parts, each nephew or niece living at the time of the death of intestate being entitled to one-thirty-sixth part, and the issue of deceased nephews and nieces to one-thirty-sixth part. The rule is the same as the rule for distributing among grand-children and the issue of those dead. Mansfield's Digest, sec. 2522, 2nd sub-division; 4 Kent Com., * p. 400, Canon IV; Walker's American Law, sec 161; *Kelly's Heirs v. McGuire*, 15 Ark., 592, rule 7.

2. The living nephews and nieces take equal shares *per capita*, and the descendants of dead nephews and nieces *per stirpes*, the part their ancestors would have taken if living. Mansfield's Digest, sec. 2530; 4 Kent Com., * pp. 375, 376, 391; Walker's American Law, secs. 159, 160, 161; 3 N. Y., 408; 3 Wash. R. Prop., 4th ed., p. 12, sub. 22.

See also Lead. Cases American Law, Real Property, Sharswood & Budd, p. 414 et seq.

BATTLE, J.

Lewis G. Garrett died without issue, ancestors, brothers or sisters, and left thirty-five nieces and nephews, the children of eight deceased brothers and sisters, and four grand-nephews and nieces, the children of a deceased niece, his nearest kindred him surviving. He died intestate, seized in fee simple and possessed of certain lands in Jefferson county.

The question is, who inherited these lands and in what proportions?

1. DESCENTS AND DISTRIBUTION. The correct disposition of the lands in question depends on the construction which should be given to the second subdivision of section 2522 of Mansfield's Digest. This section, so far as it has any bearing on the questions in this case, reads as follows: "When any person shall die, having title to any real estate of inheritance, or personal estate, not disposed of, nor otherwise limited by marriage settlement, and shall be intestate as to such estate, it shall descend and be distributed, in parcenary, to his kindred, male and female, subject to the payment of his debts and to the widow's dower, in the following manner:

"First: To children, or their descendents, in equal parts.

"Second: If there be no children, then to the father, then to the mother, then to the brothers and sisters, or their descendants, in equal parts."

According to this section the descendants of the deceased brothers and sisters of Garrett became entitled, at his death, by inheritance, to the lands in controversy, subject to the payment of his debts and the widow's dower. Do they inherit *per capita* or *per stirpes?* According to the doctrine generally laid down by English and American authorities, in the construction of statutes of descents and distributions, the nearest class of kin, as fixed by the statute, remaining in being at the death of the intestate is always made the basis of partition or distribution of his estate among his heirs. If the persons composing the nearest class of kin die before the intestate, the next class in order inherits in its own right and as next of kin. Death, in that event, operates to advance the next class nearer to the intestate and substitutes the persons in it in the place thus vacated. In that case, those

Inheritance *per capita* and *per stirpes.*

Garrett v. Bean.

in the next class so advanced inherit in their own right as next of kin; and, in the absence of statutory regulations, if equal in degree, inherit equally, and, if unequal in degree, take *per stirpes*, "those equal in degree and nearest in degree to the intestate taking equal shares in their own right, while those of unequal degree and one step further removed from the intestate take only the shares their ancestors would have taken if alive." 4 Kent Com., * p. 391 ; *Houston v. Davidson*, 45 Ga., 574; *Cox v. Cox*, 44 Ind., 368; *Knapp v. Windsor*, 6 Cushing, 156; *Snow v. Snow*, 111 Mass., 389; *McGregor v. Comstock*, 3 Comstock, 408; *Miller's Appeal*, 40 Penn. St., 387.

In *Kelly's Heirs v. McGuire*, 15 Ark., 555, this court carefully considered and examined the statutes of descents and distribution in this state, and, after saying in what lines of succession real estate of intestates descends or ascends, that is to say, when it pursues the paternal and when the maternal line, said : "In all cases where the inheritance is in any one line, it there goes in succession *per capita*, if in equal degree, and *per stirpes*, if in unequal degree, precisely as if the other line was extinct." This, as we understand it, is an announcement of the rule as we have stated.

The lands in controversy, then, descended to the nephews and nieces of Garrett and the four grand-nephews and nieces, who were the children of his deceased niece, they being the descendants of his deceased brothers and sisters. The nephews and nieces, standing in equal degree and nearest to the intestate, take *per capita*, equal shares, each taking one-thirty-sixth, and the grand-nephews and nieces take *per stirpes*, the share their mother would take if alive, which is a one-thirty-sixth, that being to each of them a one-one hundred and forty-fourth part of the lands. The interests of the heirs

2. SAME.

who have died without a will, since the intestate, descended, severally, to their respective children in the manner prescribed by sec. 2529 of Mansfield's Digest.

The decree of the court below is reversed and a decree will be entered here in accordance with this opinion.